**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN D. RIDDICK, SR.,
*Defendant-Appellant.*

No. 01-4575

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOHN D. RIDDICK, JR.
*Defendant-Appellant.*

No. 01-4595

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LORENZO BUTTS, a/k/a Lorenzo
Butts, Jr., a/k/a Lorenza Butts,
*Defendant-Appellant.*

No. 01-4606

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROLANDUS RIDDICK,
*Defendant-Appellant.*

No. 01-4794

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-00-67)

Submitted: August 29, 2002

Decided: November 18, 2002

Before MICHAEL, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, P.L.C., Nor-
folk, Virginia; Melvin J. Radin, Norfolk, Virginia; Jon M. Babineau,
Suffolk, Virginia; Paul G. Gill, OFFICE OF THE FEDERAL PUB-
LIC DEFENDER, Richmond, Virginia, for Appellants. Paul J.
McNulty, United States Attorney, Kevin M. Comstock, Assistant
United States Attorney, Joseph E. DePadilla, Assistant United States
Attorney, Christopher I. Jacobs, Third-Year Law Student, Norfolk,
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The Appellants, John D. Riddick, Sr. [Riddick Sr.], John D. Ridd-
ick, Jr. [Riddick Jr.], Rolandus Riddick [R. Riddick], and Lorenzo

Butts [Butts] were convicted by a jury of numerous charges arising out of a drug distribution ring. All four Appellants were convicted of maintaining a place for purposes of distributing drugs, 21 U.S.C. § 856(a) (2000), 18 U.S.C. § 2 (2000); and various charges of possession with intent to distribute drugs, 21 U.S.C. § 841(a) (2000), 18 U.S.C. § 2. Riddick Sr., Butts, and R. Riddick were convicted of possession of a firearm by a convicted felon, 18 U.S.C. § 924(g) (2000), 18 U.S.C. § 2. Riddick Sr., Riddick Jr., and Butts were convicted of conspiracy to possess and possession with intent to distribute cocaine and heroin, 18 U.S.C. § 846 (2000), 18 U.S.C. § 2, and possession of firearms in relation to drug trafficking crimes, 18 U.S.C. § 924(c), 18 U.S.C. § 2,. Butts was convicted of engaging in a continuing criminal enterprise, 21 U.S.C. § 848 (2000). Riddick Sr. was sentenced to 420 months incarceration and five years supervised release. Riddick Jr. was sentenced to 126 months incarceration and four years supervised release. R. Riddick was sentenced to 100 months incarceration and five years supervised release. Butts was sentenced to a term of life plus 1260 months incarceration and five years of supervised release.

On appeal, Riddick Sr., Riddick Jr., and Butts challenge their convictions for conspiracy to distribute and possess with intent to distribute cocaine and heroin (Count one), asserting the government proved a number of conspiracies but failed to establish they had a common objective to participate in a single conspiracy. Similarly, they contend the district court erred in denying their motion for acquittal based on insufficient evidence. We view the evidence in the light most favorable to the prosecution, and determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *see also United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Based on our review of the record, we conclude that sufficient evidence was presented that Appellants knowingly participated in the charged single conspiracy to possess with intent to distribute and distribute heroin and cocaine.

Butts appeals the admission of the evidence of violent acts, asserting that such acts were unrelated to the indicted charges. The district court's decision to admit evidence of prior bad acts under Fed. R. Evid. 404(b) is reviewed for abuse of discretion. *See United States v. Mark*, 943 F.2d 444, 447 (4th Cir. 1991). The violent acts attributed

to Butts were intrinsic to the drug conspiracy Butts headed. *See United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). Accordingly, that evidence was properly admitted.

Riddick Jr. challenges his conviction for possession of a firearm in relation to drug trafficking crimes. Riddick Jr. was carrying the gun on his person when a search warrant was executed at the house where drugs were stored and distributed. This challenge is meritless. *United States v. Mitchell*, 104 F.3d 649, 652-54 (4th Cir. 1997).

R. Riddick asserts on appeal that he is not guilty as a matter of law of maintaining a house for the purpose of distributing marijuana and heroin from February 1-3, 2000. *See United States v. Clavis*, 956 F.2d 1079 (11th Cir. 1992). R. Riddick, by his own admission sold and stored drugs in the house, and the officers who searched the house seized evidence suggesting R. Riddick occupied the house, and evidence that he furnished the house. *Clavis*, 956 F.2d at 1091. This challenge is meritless. *See Glasser*, 315 U.S. at 80; 21 U.S.C. § 856(a)(1).

Appellants all asserted that counsel was ineffective. Subsequently, Riddick Sr. moved to withdraw his claim of ineffective assistance of counsel. We grant his motion. The remaining Appellants aver that they received ineffective assistance of trial counsel because counsel failed to adequately prepare for trial and failed to procure a favorable ruling on the motion to exclude Rule 404(b) evidence. Because the record does not conclusively establish that counsel was ineffective, these claims are not cognizable on direct appeal. *United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1992). These claims must be brought, if at all, in proceedings pursuant to 28 U.S.C. § 2255 (2000).

Riddick Sr. seeks to file a pro se brief that asserts the sentencing court erred by imposing a sentence based on drug quantities involved in relevant conduct and not proven to the jury. We grant Riddick Sr.'s motion to file a pro se supplemental brief, but find the argument raised therein is foreclosed by our decision in *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Accordingly, we affirm the Appellants' convictions and sentences. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before this court and argument would not significantly aid the decisional process.

*AFFIRMED*